UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **CAMILLE KITCHENS,** | * | **CIVIL ACTION NO. 13-2446** |
| **INDIVIDUALLY AND ON BEHALF** | | |
| **OF THE UNOPENED SUCCESSION** | | |
| **OF WILLIAM HOWARD KITCHENS** | | |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **FORD MOTOR COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

The instant matter is before the undersigned Magistrate Judge, on reference from the District Court. For reasons assigned below, it is recommended that the District Court sua sponte dismiss Camille Kitchens' representative capacity claim(s) brought on behalf of the unopened succession of William Howard Kitchens. Fed.R.Civ.P. 12(b)(6).

**Discussion**

On September 23, 2013, this court observed that the original notice of removal filed by Defendant Ford Motor Company ("Ford") did not contain any allegations to support removal or federal subject matter jurisdiction. (Sept. 23, 2013, Order [doc. # 8]). Accordingly, the court granted Ford leave to amend its notice of removal to remedy these deficient jurisdictional allegations. *Id*.

On September 26, 2013, Ford filed an amended notice of removal that invoked the court's diversity jurisdiction. (Amend. Notice of Removal). Ford alleged that it was a citizen of Delaware and Michigan, and that Plaintiff Camille Kitchens ("Kitchens") was a citizen of Louisiana (at least for purposes of claims brought in her individual capacity). *Id*. Kitchens,

however, also brought suit on behalf of the unopened succession of her deceased spouse, William Howard Kitchens. (Petition, Preamble).

For purposes of diversity, the citizenship of the legal representative of the estate of a decedent is that of the decedent. 28 U.S.C. § 1332(c)(2). In its amended notice, Ford alleged that the decedent was a "resident" of Louisiana. (Amend. Notice of Removal, ¶ IX). For individual parties, however, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence;" one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, Ford has failed to allege Kitchen's citizenship for claims brought in her representative capacity.

Ford's omission, however, is not fatal to the court's exercise of subject matter jurisdiction. It is well-established that an improperly joined or nominal defendant need not be diverse from the plaintiffs for purposes of subject matter or removal jurisdiction. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). Similarly, this so-called "improper joinder" doctrine may be applied to the alleged improper joinder of a plaintiff. *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp.2d 502, 508 (W.D. La. 2001) (citing several sources). In applying the improper joinder analysis to a non-diverse (or in this case, jurisdictionally ambiguous) plaintiff, "the focus of the analysis is not whether there is any possibility of recovery against one particular defendant, but whether [the allegedly improperly joined plaintiff] has a

2

reasonable possibility of recovering at all." *Clear Channel Communications, Inc., v. Citigroup Global Markets, Inc.*, 541 F. Supp. 2d 874, 878 (W.D. Tex. 2008).

The instant suit seeks survival and wrongful death damages suffered by Kitchens and her decedent. (Petition, ¶ VIII). The Fifth Circuit has applied Rule 17 to determine the real party in interest to bring a wrongful death action. *Bush v. Carpenter Bros., Inc.*, 447 F.2d 707, 710-711 (5th Cir. 1971). Under the pertinent provision of Rule 17(b) of the Federal Rules of Civil Procedure, capacity to sue or be sued is determined "by the law of the state where the court is located . . ." Fed.R.Civ.P. 17(b)(3); *see also Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256-257 (5th Cir. 1980).

Louisiana law enumerates an exclusive hierarchy of beneficiary classes authorized to bring survival and wrongful death actions. La. Civ. Code Arts. 2315.1 & 2315.2; *see Whittington v. Hopfensitz*, 321 So.2d 836 (La. App. 1st Cir.1975) (addressing an earlier version of the code article(s)). The primary class of beneficiaries includes the decedent's surviving spouse and/or children. *Id*. If any class of beneficiaries exists, then a succession representative or administratrix has no right of action to bring a survival or wrongful death action.[1] Furthermore,

---

[1] *See Robertson v. Wegmann*, 436 U.S. 584, 591-592, 98 S.Ct. 1991, 1996 (1978); *Haas v. Baton Rouge General Hospital*, 364 So.2d 944, 945 (La. 1978) (survival action devolves exclusively to specially designated classes of beneficiaries or survivors); *Succession of Roux v. Guidry*, 182 So.2d 109, 111 (La. App. 4th Cir. 1966) (succession representative has no right to bring wrongful death action); *Hellpenstell v. Bonnabel Hosp.*, 523 So.2d 887, 889 (La. App. 4th Cir.1988) (succession representatives may not institute survival and wrongful death actions) (citations omitted); and *Jones v. Philco-Ford Corp.*, 452 So.2d 370, 371 (La. App. 1st Cir. 1984) (classes of beneficiaries for survival and wrongful death actions set forth in Article 2315 are exclusive and strictly construed; succession representative is not an enumerated class) (citations omitted). In fact, the administratrix of the succession does not even have the right to recover funeral expenses, as they constitute an element of damages within the wrongful death action. *McKenzie v. LeBlanc*, 719 So.2d 710, 713 (La. App. 3d Cir. 1998).

the person designated to sue under Articles 2315.1 & 2315.2 cannot do so in a representative capacity. *Bank v. Imperial Fire & Cas. Ins. Co.*, Civ. Action No. 05-1221, 2006 WL 1228947 (W.D. La. May 8, 2006) (citations omitted). Consequently, the instant suit does not implicate 28 U.S.C. § 1332(c)(2) and plaintiff's citizenship would be her own rather than that of the decedent. *Id*.

In sum, Camille Kitchens, acting in her representative capacity on behalf of the unopened succession of William Howard Kitchens, has no reasonable possibility of recovery against Ford, and is not a proper party to this action. *Riles v. Stevens Transp., Inc.*, Civ. Action No. 06-0634, 2006 WL 3843029 (W.D. La. Dec. 28, 2006). Accordingly, her presence, in her representative capacity, may be disregarded for purposes of diversity. The remaining parties are completely diverse, and the court may exercise subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.[2] Moreover, because Camille Kitchens does not have a viable representative capacity claim against Ford, said claim is subject to dismissal for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6). *See Williams v. U.S. Dep't of Agric.*, Civ. Action No. 10-610, 2011 WL 221659 (M.D. La. Jan. 24, 2011) (plaintiff's complaint may be dismissed if defendant lacks capacity to be sued).[3]

---

[2] The amended notice alleged that the amount in controversy exceeded the jurisdictional minimum. (Amend. Notice of Removal).

[3] The court may dismiss a claim on its own motion under Rule 12(b)(6) for failure to state a claim so long as the plaintiff has notice of the intention to dismiss and an opportunity to respond. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff Camille Kitchens' claim(s) brought in her representative capacity on behalf of the unopened succession of William Howard Kitchens be DISMISSED, with prejudice. Fed.R.Civ.P. 12(b)(6).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of October 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE